IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LORI FIELDER, INDIVIDUALLY,
As REPRESENTATIVE OF
THE ESTATE OF JAMES BERNARD FIELDER,
AND ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF JAMES BERNARD FIELDER,
DECEASED                                                                                              PLAINTIFFS

V.                                                          CIVIL ACTION NO. 1:14CV160-SA-DAS

L.C. CONNER a/k/a K.C. CONNELL,
J&B SERVICES, INC., d/b/a J&B TRUCKING,
TOYOTA BOSHOKU MISSISSIPPI, LLC, AND
JOHN DOES 1-10                                                                                    DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH

Plaintiff has moved to quash (#34) defendant's subpoena *duces tecum*, which was served upon Container Solutions, Inc. ("CSI"), a non-party to this litigation. In support of her motion to quash, plaintiff argues that the subpoena requests information that is overly broad and irrelevant to the issues raised by the underlying civil action. In its response (#36), defendant argues that plaintiff lacks standing to oppose the subpoena *duces tecum* because she failed to allege a personal right or privilege with respect to the materials subpoenaed. Furthermore, defendant argues that plaintiff has failed to articulate any grounds under Federal Rule of Civil Procedure 45(d) entitling her to quash the subpoena and submits that the information sought is both discoverable and relevant.

Defendant's subpoena requires a non-party to produce and deliver certain documents to its attorneys' offices in Jackson, Mississippi. However, a subpoena commands "production of

documents, electronically stored information, or tangible things at a place *within 100 miles* of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A) (emphasis added). Defendant's subpoena commands a non-party located in Athens, Alabama to produce documents at a place more than three-hundred miles away from where it is located. "Rule 45(d)(3)(A)(ii) directs this court to quash any subpoena that purports to compel compliance beyond the geographical limits." Fed. R. Civ. P. 45, advisory committee notes, 2013 Amendment, Subdivision (c) (West 2013).

However, plaintiff has likewise failed to comply with Rule 45 by filing her motion to quash in this district court. Under the new version of Rule 45, a motion to quash or modify a subpoena must be brought in the court for the district in which compliance is required. *See* Fed. R. Civ. P. 45(d)(3)(A). Athens, Alabama is located in Limestone County, so the proper forum for plaintiff's motion to quash would be the Northeastern Division of the United States District Court for the Northern District of Alabama.

IT IS, THEREFORE, ORDERED that the plaintiff's motion to quash the subpoena *duces tecum* is DENIED.

SO ORDERED this, the 3rd day of March, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE